**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | |
|---|---|
| Rachel Quillen and Loyd Weaver, ) | |
| ) | |
| Plaintiffs, ) | **COMPLAINT** |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | |
| Webcollex, LLC d/b/a CKS Financial, a ) | **JURY TRIAL DEMANDED** |
| corporation, and David Wells, an individual, ) | |
| ) | |
| Defendants. ) | |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), negligent, reckless and wanton training and supervision by the Defendants, and invasions of the Plaintiffs' right of privacy by the Defendants in their illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4.  The Plaintiff, Rachel Quillen, is a natural person who resides in the Town of Woodville, County of Jackson, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. The Plaintiff, Loyd Weaver, is a natural person who resides in the City of Scottsboro, County of Jackson, State of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Webcollex, LLC d/b/a CKS Financial, is a collection agency operating from an address of 2125 Smith Avenue, Suite 200, Chesapeake, VA 23320, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant David Wells is a natural person employed by Defendant Webcollex, LLC d/b/a CKS Financial, as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The Plaintiffs will specifically amend their complaint if and when the Defendant identified as David Wells provides different information to them if the Defendant's name, David Wells, is incorrect.

## FACTUAL ALLEGATIONS

8. On or about February, 2010, the Plaintiff, Rachel Quillen, began receiving harassing phone calls from the Defendants regarding an alleged debt owed by her son, Plaintiff Loyd Weaver. During the initial call from the Defendants, the caller did not identify himself but began by asking Plaintiff Rachel Quillen if Plaintiff Loyd Weaver was there and if she knew his telephone number. Plaintiff Rachel Quillen answered that Plaintiff Loyd Weaver did not live there and that she would not give out his telephone number. Plaintiff Rachel Quillen then asked the caller's name and the caller identified himself as David Wells. Defendant David Wells

further told Plaintiff Rachel Quillen that he had some papers on his desk that he needed Plaintiff Loyd Weaver to complete. Knowing that Plaintiff Loyd Weaver was contemplating filing for bankruptcy, Plaintiff Rachel Quillen asked if Defendant David Wells was a bankruptcy lawyer. Defendant David Wells responded that he did not know anything about a bankruptcy lawyer. Plaintiff Rachel Quillen then asked what the Defendant was calling about and Defendant David Wells stated he could not give out personal information without Plaintiff Loyd Weaver's consent but asked Plaintiff Rachel Quillen to take a message and then gave his number as 1-800-984-3711. Assuming that Defendant David Wells was a debt collector, Plaintiff Rachel Quillen agreed to give Plaintiff Loyd Weaver the message but stated to Defendant David Wells that she did not know when she would see him.

9. A few days later, Defendant David Wells called Plaintiff Rachel Quillen again and asked to speak with Plaintiff Loyd Weaver. Plaintiff Rachel Quillen stated to the Defendant that she had already told him that Plaintiff Loyd Weaver did not live there and had passed along Defendant David Wells' message but that was all she could do and she further told him not to call her again.

10. Several days later, Defendant David Wells called again asking to speak with Plaintiff Loyd Weaver. Plaintiff Rachel Quillen told the Defendant she did not want to receive any more calls from the Defendants. Defendant David Wells then

asked if she would give Plaintiff Loyd Weaver a message. Plaintiff Rachel Quillen stated to the Defendant that she had already passed along the message. She further stated that was not responsible for Plaintiff Loyd Weaver's debts and that she had already asked the Defendant several times to stop calling.

11. Several days later Defendant David Wells called Plaintiff Rachel Quillen and she repeated that she had told him not to call her again. Defendant David Wells stated that "this is the number Loyd gave me to get in touch with him and it's the only number I have to reach him." Plaintiff Rachel Quillen told the Defendant that she did not believe Plaintiff Loyd Weaver had given her number to the Defendant and, once again, told the Defendant she did not want to be contacted any further.

12. Over the next several weeks, Plaintiff Rachel Quillen received repeated phone calls and messages from Defendant David Wells. In early April, 2010, Plaintiff Rachel Quillen received a call from Defendant David Wells asking to speak with Plaintiff Loyd Weaver. Plaintiff Rachel Quillen stated that she had told the Defendant not to call her on numerous occasions and that she was not responsible for Plaintiff Loyd Weaver's bills. Plaintiff Rachel Quillen further told the Defendant that she was a sick lady and then hung up. Defendant David Wells immediately called back. At that time, Plaintiff Rachel Quillen stated to the Defendant that she felt the calls were harassment and the Defendant replied very rudely that "this is NOT harassment." Plaintiff Rachel Quillen told the Defendant that she felt harassed and

4

that she had already told him that she was sick. Defendant David Wells then replied to Plaintiff Rachel Quillen, "well good, you have an answering machine, let it pick up." The Defendant again asked if Plaintiff Loyd Weaver was there. Plaintiff Rachel Quillen stated that she had already told the Defendant that Plaintiff Loyd Weaver did not live there and that she is not responsible for his debts and then hung up. Frustrated and upset, Plaintiff Rachel Quillen called Plaintiff Loyd Weaver and told him about the repeated calls and harassment from Defendant David Wells. A short time later, Defendant David Wells called again and asked to speak with Plaintiff Loyd Weaver. Plaintiff Rachel Quillen stated to the Defendant emphatically that Plaintiff Loyd Weaver was not there and she did not want to receive any more calls from the Defendants. Defendant David Wells replied that Plaintiff Loyd Weaver had just called him. At her wit's end, Plaintiff Rachel Quillen stated that Plaintiff Loyd Weaver did not call the Defendant from her residence and she wanted the calls to cease and then she hung up. Defendant David Wells immediately called back and left a message on Plaintiff Rachel Quillen's answering machine asking to speak with Plaintiff Loyd Weaver.

13. The conduct of Defendants Webcollex, LLC d/b/a CKS Financial and David Wells, in harassing Plaintiffs Rachel Quillen and Loyd Weaver in an effort to collect this debt was a violation of numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692b(3), 1692d, 1692d(2), 1692d(5), 1692d(6), 1692e and 1692f amongst others.

### *Summary*

14. Plaintiffs have suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of privacy at the Plaintiffs' home.

### TRIAL BY JURY

15. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed.R.Civ.P.38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §1692 et seq.

18. As a result of each and every Defendants' violations of the FDCPA, Plaintiffs are therefore entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from each and every Defendant herein.

## COUNT II.

## INVASION OF THE RIGHT OF PRIVACY

19. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants undertook and or directed a series of communications to the home of the Plaintiffs constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were systematic and continuous in number and made in disregard for the Plaintiffs' right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiffs into paying a debt.

21. Said invasions were intentional, willful, and malicious and violated the Plaintiffs' privacy. The Plaintiffs aver that the communications were made by an individual who was an employee of and acting on behalf of the named Defendant.

22. As a result of such invasions of the right of privacy, Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

23. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants knew or should have known of the conduct set forth herein which was directed at or visited upon the Plaintiffs.

25. The Defendants knew or should have known that said conduct was improper.

26. The Defendants negligently, recklessly and wantonly failed to train and supervise debt collectors in order to prevent said improper conduct.

27. The Defendants negligently, recklessly and wantonly failed to train and supervise debt collectors on the FDCPA as it related to communications with consumers.

28. The Defendants' actions constitute negligent, reckless and wanton training and supervision under the common law of the state of Alabama.

29. As a result of the Defendants' negligence, recklessness and wantonness, the Plaintiffs suffered humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering and pain and anguish.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq.

1. for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for the Plaintiffs;

2. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiffs;

3. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for the Plaintiffs;

## COUNT II.

## INVASION OF THE RIGHT OF PRIVACY

4. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of FDCPA violations and invasions of the right of privacy in an amount to be determined at trial and for the Plaintiffs; and

5. for such and other further relief as may be just and proper.

## COUNT III.

## NEGLIGENT, RECKLESS AND WANTON TRAINING AND SUPERVISION

6. for an award of compensatory and punitive damages from each and every Defendant for the physical sickness and emotional distress suffered as a result of the FDCPA violations and the negligent, reckless and wanton training and supervision of the Defendants at an amount to be determined at trial and for the Plaintiffs; and

7. for such and other further relief as may be just and proper.

Dated: August 26, 2010                                  Respectfully submitted,

HAYS CAULEY, P.C.                                       BOND, BOTES, SYKSTUS,
                                                        TANNER & EZZELL, P.C.


By: /s/Penny Hays Cauley                                By: /s/Ronald C. Sykstus
Penny Hays Cauley                                       Ronald C. Sykstus, Esq.
549 West Evans Street, Suite E                          415 Church Street, Suite 100
Florence, South Carolina 29501                          Huntsville, Alabama 35801
Telephone: (843) 665-1717                               Telephone:  (256) 539-9899
Facsimile: (843) 665-1718                               Direct Voice: (256) 713-0221
Email: phc917@hayscauley.com                            Facsimile: (256) 539-9895
**Attorney for Plaintiff**                              Email: rsykstus@bondnbotes.com
                                                        **Attorney for Plaintiff**